UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL ACTION |
| VERSUS | * | NO. 18-81 |
| JORGE ORNELAS | * | SECTION "L" |

**ORDER & REASONS**

Pending before the Court is Defendant Jorge Ornelas's *pro se* motion for compassionate release. R. Doc. 213. The Government opposes the motion. R. Doc. 218.

**I.     BACKGROUND**

On February 3, 2021, Defendant Jorge Ornelas pleaded guilty to Conspiracy and Possession with Intent to Distribute Cocaine in violation of 21 U.S.C. § 841(a)(1), 841(b)(I)(A), and 846. R. Doc. 206. On October 6, 2021, the Defendant was sentenced to 57 months imprisonment. R. Doc. 206. Thus far, Mr. Ornelas has served 22 months of his sentence. *Id.* He is incarcerated at a federal prison in Oakdale, Louisiana ("Oakdale II FCI"). *See* BOP Inmate Locator, *https://www.bop.gov/inmateloc/*. The Defendant is currently 56 years old. R. Doc. 194 at 4.

**II.    PENDING MOTION**

On June 16, 2023, Mr. Ornelas filed the instant *pro se* motion for compassionate release, seeking immediate release from imprisonment pursuant to the First Step Act and 18 U.S.C. § 3582(c)(1)(A)(1). R. Doc. 213. Defendant alleges that, during his October 6, 2021 sentencing, the Court stated that, due to defendant's health conditions including diabetes and history of two strokes, he should carry out his sentence in a federal medical center located in Fort Worth, TX.

1

*Id.* at 2. Defendant alleges that this was to ensure that he would receive adequate treatment and care. *Id.* Defendant alleges that, because he was wearing an ankle monitor, the Court ordered him to self-surrender within three weeks. *Id.* Defendant alleges that, after some confusion about the appropriate location for his self-surrender, he did so in Houston, Texas on November 3, 2021, and that he was incarcerated at a federal detention center in Houston. *Id.* Defendant alleges that on May 20, 2022, he was moved to a different facility in Oakdale, Louisiana, where he was kept in quarantine for two days. *Id.* Defendant alleges that on May 22, 2022, he slipped and fell after taking a shower, causing him to break his leg. *Id.* Defendant alleges that the injury required surgery, and that during surgery officers guarding him denied the doctor's request that they remove cuffs from his leg. *Id.*

Defendant alleges that on August 17, 2022, he was released from the hospital following his surgery and returned to the Oakdale II FCI, where he was place back in quarantine. *Id.* at 3. Defendant alleges that, on August 26, 2022, he was taken back to the hospital after having symptoms of a stroke, crooked mouth and tongue, but was released two days later without any medication. Defendant alleges that his medical struggles and injuries can be attributed to his being placed in the Federal Correctional Institution at Oakdale, LA rather than at the Fort Worth Federal Medical Center. *Id.*

Mr. Ornelas argues that he should be released from his sentence due to his medical illnesses and injuries and because he poses no danger to any person or the community, pursuant to the First Step Act and the 18 U.S.C. § 3553(a) factors. Ornelas alleges that he is eligible for compassionate release or a sentence reduction because he is suffering from a history of diabetes, high blood pressure, cholesterol, stroke, recent inability to speak correctly, and recent injury as a result of improper medical treatment within the Bureau of Prisons. *Id.* at 5. Mr. Ornelas argues

that, because of his other health issues, he is at an increased risk of contracting COVID-19 and therefore he is entitled to compassionate release. *Id.* at 6-7. With regards to whether he would be a risk to any person or the community, Ornelas states that his physical health conditions foreclose any possibility of dangerous recidivism and that his "exemplary behavior" in prison before suffering the medical conditions supports the contention that he does not constitute a danger. *Id.* at 7.

Mr. Ornelas also alleges that he has full exhausted his administrative remedies with the Bureau of Prisons. *Id.* at 4. He states that he sent a to the warden of Oakdale II FCI, and that the denial he received from the warden constituted a "final administrative decision" under 28 C.F.R. § 571.63(d). *Id.* He filed the present petition thirty days thereafter. *Id.*

The Government argues that Mr. Ornelas has not demonstrated "extraordinary and compelling reasons" sufficient to justify his release. R. Doc. 218 at 1. The Government agrees that the Defendant has exhausted administrative requirements by sending a request to the warden of Oakdale II FCI, but argues that his motion should be denied on the merits. *Id.* at 5. The Government acknowledges that the Defendant was treated for a fractured femur in May 2022, and due to one side of his face drooping in March 2023. *Id.* at 3. However, the Government argues, medical records show that his facial paralysis occurred due to Bell's Palsy rather than from a stroke, and that records also show that his femur is "well-healed" as of January 2023. *Id.* at 3-4. Furthermore, he has been seen by medical professionals at least ten times since March 2023. *Id.* at 10. The Government argues that no medical records show "any conditions that [are] serious, life-threatening, debilitating in any way, or uncontrollable in a prison environment." *Id.* at 4.

### III. APPLICABLE LAW

Under 18 U.S.C. § 3582(c)(1)(A), a court may reduce a defendant's term of imprisonment "upon motion of the defendant after the defendant has fully exhausted all administrative rights . . . if it finds that extraordinary and compelling reasons warrant such a reduction." The United States Sentencing Commission's policy statements provide four types of "extraordinary and compelling reasons" that may justify a sentence reduction: (1) medical conditions, (2) age, (3) family circumstances, and (4) other reasons. *See United States v. Thompson*, 984 F.3d 431, 433 (5th Cir. 2021) (quoting U.S.S.G. § 1B1.13 cmt. n.1(A)–(D) (2018)). This policy statement does not bind courts, but serves to inform its analysis for determining sufficient circumstances to merit compassionate release." *United States v. Shkambi*, 993 F.3d 388, 393 (5th Cir. 2021); *Thompson*, 984 F.3d at 433. Prior to filing a motion in court, 18 U.S.C. § 3582(c)(1)(A) requires that prisoners exhaust all administrative remedies for seeking compassionate release. *United States v. Franco*, 973 F.3d 465, 468 (5th Cir. 2020).

A district court may deny relief based on the applicable 18 U.S.C. § 3553(a) factors without reaching whether a defendant has extraordinary and compelling reasons for release. *See United States v. Samak*, No. CR 91-189, 2020 WL 4050365, at *5 (E.D. La. July 20, 2020) (avoiding question of whether defendant had established extraordinary and compelling circumstances because, even if he had, defendant was not entitled to compassionate release given nature of his offenses and the impact his crimes left on his victims), aff'd, 832 F. App'x 330 (5th Cir. 2020). A district court may deny relief if, despite the existence of extraordinary and compelling reasons, the sentencing factors set forth in 18 U.S.C. § 3553(a) outweigh the extraordinary and compelling reasons. *See* 18 U.S.C. § 3582(c)(1)(A). These factors are:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;

    (2) the need for the sentence imposed—

      (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

      (B) to afford adequate deterrence to criminal conduct;

      (C) to protect the public from further crimes of the defendant; and

      (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

    (3) the kinds of sentences available;

    (4) the kinds of sentence and sentencing range [provided for in the U.S.S.G.]. . . .

    (5) any pertinent [Sentencing Commission] policy statement...the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

    (6) the need to provide restitution to any victims of the offense.

*Id.* § 3553(a).

## IV. DISCUSSION

  The Court recognizes that Mr. Ornelas has several long-term health issues, each of which provides its own challenges for management. However, the Fifth Circuit has held that, even multiple underlying health issues do not constitute an "extraordinary and compelling" circumstance justifying compassionate release when a defendant is receiving regular medical care and his conditions are controlled through medicine. *See United States v. Rodriguez*, 27 F.4th 1097, 1100 (5th Cir. 2022). *See also United States v. Love*, 853 Fed. Appx. 986, 987 (5th Cir. 2021) ("Our court has held hypertension and other conditions that are managed effectively by medication and do not substantially diminish the ability of the defendant to provide self-care are not extraordinary and compelling reasons warranting compassionate release[.]")

  While Mr. Ornelas expressed fear in his petition that facial drooping was a sign of

potential stroke, the BOP medical records submitted by the Government show that he has a diagnosis of Bell's Palsy, which causes paralysis in facial muscles. R. Doc. 218-2 at 2. Courts have consistently found that Bell's Palsy, even when in combination with other long-term comorbidities, does not "substantially diminish [a defendant's] ability to provide self-care" sufficient to constitute extraordinary and compelling reasons that would support compassionate release. *United States v. Bishop*, No. 1:03-CR-17, 2023 U.S. Dist. LEXIS 49666, at *21 (E.D. Tex. Mar. 23, 2023).

As to the Defendant's concern about heightened risk of contracting COVID-19, this Court has held that there exists "no evidence that Bell's Palsy . . . causes an individual to be immunocompromised or . . . otherwise increases the risk of COVID-19 infection." *United States v. Chambers*, 2020 WL 4260445, at *7 (E.D. La., Jul. 24, 2020). In addition, Defendant has failed to articulate "'a particularized susceptibility to the disease' and 'a particularized risk of contracting the disease at his prison facility[,]'" which courts generally require to grant a compassionate release motion based on the COVID-19 outbreak. *United States v. Guyot*, No. 03-355, 2021 U.S. Dist. LEXIS 12016, at *7 (E.D. La. Jan. 22, 2021). As this Court has found, "if general concerns about COVID-19 constituted extraordinary and compelling reasons, all incarcerated individuals would qualify for compassionate release." *Id.* Because the Defendant has failed to show "extraordinary and compelling" circumstances for compassionate release, the Court need not consider the § 3553(a) factors. *See United States v. Pendleton*, No. 21-30452, 2022 U.S. App. LEXIS 15266, at *1-2 (5th Cir. June 2, 2022).

The Court does, however, note Judge Feldman's recommendation, upon sentencing, that Mr. Ornelas be placed in FMC Fort Worth due to Mr. Ornelas's significant medical challenges. R. Doc. 209. Given the persistence of the Defendant's medical challenges, Court recommends

that Mr. Ornelas be transferred to that facility so that he may serve out the rest of his sentence there.

## V. CONCLUSION

Because the Court finds that Mr. Ornelas has not demonstrated extraordinary and compelling reasons for his release, **IT IS ORDERED** that Defendant's motion for compassionate release, at R. Doc. 213, be **DENIED**.

**IT IS FURTHER ORDERED** that the Bureau of Prisons is advised that the Court recommends that Mr. Jorge Ornelas be placed in FMC Fort Worth for the remainder of his sentence.

New Orleans, Louisiana this 15th day of August, 2023.

_____
The Honorable Eldon E. Fallon
United States District Court